# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Micah Thomas Shoup, *et al.*,  Case No. 3:18CV968

    Appellants,

  v.  **ORDER**

Daniel M. McDermott,
United States Trustee, Region 9

    Appellee.

In this bankruptcy appeal, debtors Micah Thomas Shoup and Mary Kay Shoup challenge the bankruptcy court's order finding their Chapter 7 bankruptcy filing abusive pursuant to 11 U.S.C. §§ 707(b)(1) & (b)(3). The United States Trustee had argued that the Shoups' abusive petition warranted dismissal of their case, but the bankruptcy court gave the debtors another option.

Specifically, the court ordered:

> that Debtors are allowed thirty (30) days from the date of this order to file a motion to convert to a Chapter 13 case, absent which the United States Trustee's Motion to Dismiss [Doc. #14] will be **GRANTED**, and this case will be dismissed without prejudice, by separate order of the court.

(Doc. 1-1, ID 13).

The Shoups did not convert their case within thirty days of the bankruptcy court's order, but the bankruptcy court likewise did not enter a "separate order" of dismissal.

Instead, the Shoups used the time to file a notice of appeal, and twice request that the bankruptcy court stay its decision–a request the court eventually granted. Having stayed the case,

the bankruptcy court then informed the Trustee that it would not enter the "separate order" dismissing the Shoups' Chapter 7 case as initially promised. (*See* Doc. 6, ID 298).

Pending is the Trustee's motion to dismiss the appeal. (Doc. 6). He argues that I lack jurisdiction over the Shoups' appeal because the bankruptcy court's order is not a "final" order subject to district court review under 28 U.S.C. § 158(a)(1).

I agree.

Section 158(a)(1) affords me jurisdiction to hear appeals from the bankruptcy court's "final judgments, orders, and decrees." *Id.* Admittedly, the Sixth Circuit takes a relaxed view of finality in the bankruptcy context. *WCI Steel, Inc. v. Wilmington Trust, Co.*, 338 B.R. 1, 8 (N.D. Ohio 2005). Finality is "viewed functionally," "in a more pragmatic and less technical way in bankruptcy cases than in other situations." *In re Cottrell*, 876 F.2d 540 541–42 (6th Cir. 1989). Accordingly, "a bankruptcy order is final for purposes of appeal when it 'disposes of discrete disputes within the larger case.'" *WCI Steel*, *supra*, 338 B.R. at 8 (quoting *In re Dow Corning*, 86 F.3d 482, 488 (6th Cir. 1996)).

Even under this relaxed standard, the order in this case does not qualify.

An order dismissing a bankruptcy case, including dismissal for abuse under § 707, is a final, appealable order, *In re Koch*, 109 F.3d 1285, 1287–88 (8th Cir. 1997), as is an order converting a Chapter 13 case to a Chapter 7 case, *In re Rosson*, 545 F.3d 764, 769–70 (7th Cir. 2008). But the same is not true of an order converting a Chapter 7 case to a Chapter 13 case. *See Mason v. Young*, 237 F.3d1168, 1173 (10th Cir. 2001) ("[U]nder Chapter 7, once the debtor's assets have been liquidated, it is virtually impossible to reassemble them, and therefore an order converting to Chapter 7 is necessarily more final in nature than an order converting to Chapter 13."); *see also In re Salvo*, 2008 WL 938585, *2–3 (N.D. Ohio) (making a similar observation).

Here, I have even less than that.

The bankruptcy court did not convert the Shoups' Chapter 7 case to Chapter 13, nor did it dismiss their case; it merely stated that it *would* dismiss the case if the Shoups did not file a motion to convert within thirty days. By its own terms, the order expressly contemplated that a further, "separate order" of dismissal would "dispose[]" of this "discrete dispute[] within the larger case." *WCI Steel*, *supra*, 338 B.R. at 8 (citation omitted). [1]

Under these circumstances, Mr. and Mrs. Shoup "could have converted [their] case to Chapter 13 within the time allotted by the bankruptcy court," or "waited until an order of dismissal was entered before filing [their] notice of appeal." *In re Nelson*, 223 B.R. 349, 351 (8th Cir. B.A.P. 1998). They did neither, and "an order of the bankruptcy court indicating that the case would be dismissed, unless it was converted to Chapter 13, is not a final order." *Id.*

While I could construe the Shoups' notice of appeal "as a motion for leave" to appeal the bankruptcy court's interlocutory order and "either grant, or deny" leave for interlocutory review, Fed. R. Bankr. P. 8004(d); *see also* 28 U.S.C. § 158(a)(3), the Shoups give me little reason to do so.

Interlocutory appeal "should be granted sparingly and then only in exceptional cases." *DeGirolamo v. McIntosh Oil, Co.*, 2013 WL 6840362, *2 (N.D. Ohio) (quoting *In re Wicheff*, 215

---

[1] The Shoups argue the bankruptcy court's order is final because "the only action left for the court to do is execute the judgment by entering the order to dismiss." (Doc. 9, ID 432 (citing *Cusano v. Klein*, 431 B.R. 726, 729 (6th Cir. B.A.P. 2010)). Their argument underscores the problem: without an order of dismissal, there is no judgment to enter, much less execute. *See Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 660 (6th Cir. 2013) ("A *conditional* dismissal by its nature does not meet the traditional test of finality–a litigation-ending decision that 'leaves nothing' for the district court 'to do but execute the judgment' on the merits." (citation omitted)). Indeed, the bankruptcy court here never entered one. *See In re Vazquez Laboy*, 647 F.3d 367, 273 (1st Cir. 2011) (bankruptcy court's order granting summary judgment was not final where "judgment did not actually enter at all").

3

B.R. 839, 844 (6th Cir. B.A.P. 1998)). A factual dispute over whether a Chapter 7 filing is abusive is not one of them. *See id.* (interlocutory review is better suited to cases wherein the order appealed from "involves a controlling issue of law").

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT the Trustee's motion to dismiss the appeal (Doc. 6) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr  
Sr. U.S. District Judge